# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 6:21-cv-01217-ADA |
| | ) | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S OPPOSED MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   FACTUAL BACKGROUND ............................................................................................2

III.  LEGAL STANDARD .......................................................................................................5

IV.   ARGUMENT ....................................................................................................................5

    A.   Atlas Fails to Plausibly Allege that OnePlus Technology Committed Acts of
Direct Infringement in the United States...............................................................5

        1.   Atlas fails to plausibly allege direct infringement of the asserted method
claims of the '259, '738, '679, and '919 Patents .......................................6

        2.   Atlas fails to plausibly allege direct infringement of the apparatus claims
of the '442, '513, '886, and '851 Patents ...................................................7

            a.   Atlas admits that OnePlus Technology does not make the accused
products in the United States.........................................................7

            b.   Atlas does not plausibly allege that OnePlus Technology uses the
accused products in the United States............................................8

            c.   Atlas alleges that third parties—not OnePlus Technology—import
the accused products into the United States ..................................8

            d.   Atlas alleges that third parties—not OnePlus Technology—offer to
sell and sell the accused products in the United States .................8

        3.   Atlas fails to adequately allege claims for joint infringement or alter-ego
liability .........................................................................................................9

            a.   Atlas does not state a claim for joint infringement......................10

            b.   Atlas does not state a claim for alter ego liability .......................11

    B.   Atlas Fails to Plausibly Allege Direct Infringement Based on Compliance with the
WiFi 6 Standard...................................................................................................12

C.   Atlas Fails to Plausibly Allege a Claim for Indirect Infringement...................................15

        1.   Atlas fails to plausibly allege underlying acts of direct infringement.......15

        2.   Atlas fails to plausibly allege pre-suit knowledge of the asserted patents or
the alleged infringement ..........................................................................16

    D.   Atlas Fails to Plausibly Allege a Claim for Willful Infringement.......................16

V.    CONCLUSION ...............................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*
   797 F.3d 1020 (Fed. Cir. 2015)........................................................................................10

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .........................................................................................................5

*Bayer Healthcare LLC v. Baxalta Inc.*
   989 F.3d 964 (Fed. Cir. 2021)................................................................................... 16, 17

*De La Vega v. Microsoft Corp.*
   No. 19-cv-00612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................................10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*
   363 F.3d 1263 (Fed. Cir. 2004).........................................................................................15

*ExxonMobil Rsch. & Eng'g Co. v. Gensym Corp.*
   No. 12-CV-442, 2013 WL 1314461 (W.D. Tex. Mar. 28, 2013)..........................................11

*Fujitsu Ltd. v. Netgear Inc.*
   620 F.3d 1321 (Fed. Cir. 2010)............................................................................ 12, 13, 14, 15

*Gemtron Corp. v. Saint-Gobain Corp.*
   572 F.3d 1371 (Fed. Cir. 2009)...........................................................................................5

*Georgetown Rail Equip. Co. v. Holland LP*
   No. 13-CV-366, 2016 WL 3346084 (E.D. Tex. June 16, 2016)...........................................10

*Global-Tech Appliances, Inc. v. SEB S.A.*
   563 U.S. 754 (2011) ........................................................................................................16

*Huawei Techs. Co. v. Samsung Elecs. Co.*
   340 F. Supp. 3d 934 (N.D. Cal. 2018)................................................................................10

*i4i Ltd. P'ship v. Microsoft Corp.*
   598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) ................................................6, 7

*Implicit, LLC v. NetScout Sys., Inc.*
   No. 18-CV-00053, 2019 WL 127115 (E.D. Tex. Jan. 8, 2019)............................................12

*Koninklijke Philips N.V. v. Zoll Med. Corp.*
   656 F. App'x. 504 (Fed. Cir. 2016)...................................................................................6, 7

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*
   594 F.3d 383 (5th Cir. 2010) .............................................................................................9

*Lone Star Tech. Innovations, LLC v. ASUSTeK Computer, Inc.*
    No. 19-cv-00059, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020) ..........................................10

*Lyda v. CBS Corp.*
    838 F.3d 1331 (Fed. Cir. 2017)............................................................................................10

*Meyer Intellectual Properties Ltd. v. Bodum, Inc.*
    690 F.3d 1354 (Fed. Cir. 2012)..............................................................................................6

*Nat'l Steel Car Ltd. v. Greenbrier Cos.*
    No. 19-cv-00721, 2020 WL 4289388 (W.D. Tex. July 27, 2020)..........................................11

*Network Managing Sols., LLC v. AT&T Inc.*
    No. 16-cv-00295, 2017 WL 472080 (D. Del. Feb. 3, 2017) ...........................................14, 15

*Ormco Corp. v. Align Tech., Inc.*
    463 F.3d 1299 (Fed. Cir. 2006).........................................................................................6, 7

*Stragent, LLC v. BMW of N. Am., LLC*
    No. 16-cv-446, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017)...................................12, 14, 15

## Statutes

28 U.S.C. § 1391...................................................................................................................1

35 U.S.C. § 271(a) ...............................................................................................3, 4, 5, 7, 8

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus Technology") respectfully moves to dismiss for failure to state a claim upon which relief can be granted.

## I.     INTRODUCTION

The claims for direct infringement should be dismissed because Plaintiff Atlas Global Technologies LLC ("Atlas") fails to plausibly allege that OnePlus Technology has committed acts of infringement in the United States. Atlas alleges that various OnePlus-branded smartphones sold in the United States infringe eight U.S. patents. Atlas is aware that OnePlus USA Corp. is the company responsible for marketing and selling the accused devices in the United States. Atlas is also aware that venue is improper in this Judicial District with respect to OnePlus USA Corp. Rather than filing suit against OnePlus USA Corp. in a different judicial district where venue is proper, Atlas seeks to manufacture venue in the Western District of Texas by naming a foreign affiliate—OnePlus Technology—as the only defendant. As a Chinese company that is not resident in the United States, OnePlus Technology "may be sued in any judicial district" under 28 U.S.C. § 1391. While the gambit of naming OnePlus Technology as the only defendant solves Atlas's venue problem, it creates an insurmountable pleading obstacle. OnePlus Technology has no alleged offices, employees, or operations in the United States. Atlas also fails to plead (as it must) that OnePlus Technology has committed any acts of direct infringement in the United States. In the absence of such allegations, the claims for direct infringement against OnePlus Technology must be dismissed.

The direct infringement claims are also insufficient because Atlas fails to plausibly allege that compliance with the Wi-Fi 6 standard necessarily results in practicing the asserted claims of the patents-in-suit. While a plaintiff may allege infringement based on compliance with an industry standard, such claims must be supported with factual allegations giving rise to a

reasonable inference that the asserted claims cover every possible implementation of a standard. Here, Atlas fails to even identify the provisions of the Wi-Fi 6 standard that are at issue for six of the eight patents-in-suit.  For the other two patents, Atlas string cites myriad sections of the standard without any underlying allegations tying those sections to the asserted claims. Such vague and conclusory allegations of infringement are insufficient to state a claim.

In the absence of plausible allegations of direct infringement, the claims for indirect infringement also fail.  Moreover, claims for pre-suit indirect infringement fail because Atlas cannot plausibly allege that OnePlus Technology had knowledge of the asserted patents or the alleged infringement. Atlas relies on a letter that the prior owner of the asserted patents sent in 2015 to the Institute of Electrical and Electronics Engineers (the "IEEE"). But the letter was not sent to OnePlus Technology; it does not reference any of the asserted patents; and, in fact, it was sent more than two years *before* the first of the asserted patents was granted in 2017. Under these circumstances, the claims for indirect infringement should also be dismissed.

## II.    FACTUAL BACKGROUND

OnePlus Technology is a limited liability company organized under the laws of the People's Republic of China with its principal place of business in China. Dkt. 1, ¶5. OnePlus Technology is engaged in research and development related to OnePlus-branded smartphones. *Id.*, ¶7.

Atlas alleges that OnePlus Technology has directly and indirectly infringed eight patents—U.S. Patent Nos. 9,763,259 ("the '259 Patent"); 9,825,738 ("the '738 Patent"); 9,848,442 ("the '442 Patent"); 9,912,513 ("the '513 Patent"); 9,917,679 ("the '679 Patent"); 10,020,919 ("the '919 Patent"); 10,153,886 ("the '886 Patent"); and 10,756,851 ("the '851 Patent") (collectively, the "Asserted Patents"). Dkt. 1, ¶1. Atlas alleges that the Asserted Patents are essential to practicing the 802.11ax ("Wi-Fi 6") standard issued by the IEEE. *See id.*, ¶27.

Atlas alleges that OnePlus-branded devices that comply with the Wi-Fi 6 standard thus infringe the Asserted Patents. *Id.*, ¶30.

The Complaint includes multiple boilerplate allegations that OnePlus Technology committed acts of direct infringement in the United States. These allegations largely recite the language of § 271(a). Paragraph 2 of the Complaint is representative:

> Atlas alleges that OnePlus both directly and indirectly infringes each of the Asserted Patents by making, using, offering for sale, selling and/or importing the Accused Products described below, in the United States without a license to do so. Atlas further alleges that OnePlus induces infringement by other third parties through their use of the OnePlus Accused Products as directed and instructed by OnePlus.

Dkt. 1, ¶2; *see also id.*, ¶¶9, 28, 35, 43, 52, 53, 60, 68, 76, 84, 92.

The Complaint does not allege any facts concerning OnePlus Technology's alleged acts of direct infringement in the United States. For example, Atlas does not allege that OnePlus Technology has any offices, employees, or operations in the United States. To the contrary, Atlas alleges that OnePlus Technology "is **not** a resident of the United States." Dkt. 1, ¶21 (emphasis added). Atlas does not identify any particular instance where OnePlus Technology itself visited the United States to make, use, import, offer to sell, or sell the accused devices. Nor does the Complaint include any factual allegations that would provide a plausible basis to believe that OnePlus Technology was engaged in such activities in the United States.

The Complaint also includes multiple allegations that contradict the boilerplate assertions that OnePlus Technology committed acts of direct infringement in the United States. For example, while Atlas summarily alleges that OnePlus Technology makes accused devices in the United States (*see, e.g.*, Dkt. 1, ¶2), Atlas acknowledges elsewhere in the Complaint that the accused devices are manufactured **outside** of the United States (*id.*, ¶7). Similarly, while Atlas makes the boilerplate allegation that OnePlus Technology imports, offers to sell, and sells

products in the United States, the Complaint states elsewhere that other companies import and sell the accused devices in the United States. Atlas identifies these third parties generically as "intermediaries, agents, related entities, distributors, importers, customers, subsidiaries, and/or consumers." *Id.*, ¶11; *see also id.*, ¶12 (accused products placed into the stream of commerce by "agents and distribution partners, retailers (including national retailers), reseller partners, solution partners, brand ambassadors, and other service partners"), ¶18 (a "related entity" imports and sells accused devices), ¶19 ("suppliers and distributors" import and sell the accused devices). Atlas also identifies specific third-party retailers, such as Amazon, T-Mobile, BestBuy, and Walmart, as companies that sell the accused devices in the United States. *Id.*, ¶¶13-15, 18.

Atlas alleges generally that OnePlus Technology is "vicariously" liable for the direct infringement of the third parties operating in the United States because OnePlus Technology allegedly exercises "direction and control" over those third parties. Dkt. 1, ¶11. Atlas also alleges, in passing, that the third parties include "alter egos" of OnePlus Technology. *Id.*, ¶10. Again, Atlas pleads no facts in support of these conclusory assertions. For example, Atlas does not identify the specific entities allegedly operating under OnePlus Technology's direction and control, nor allege any facts that would give rise to a plausible inference that OnePlus Technology exercises such control. Nor does Atlas identify the alleged "alter egos" or allege any facts relevant to piercing the corporate veil.

In addition to the allegations of direct infringement, the Complaint also alleges that OnePlus Technology knowingly induced third parties to infringe the Asserted Patents. Dkt. 1, ¶¶2, 9, 10, 37, 45, 54, 62, 70, 78, 86, 94. Atlas also asks for enhanced damages for willful infringement. *Id.*, Prayer for Relief. In support of these claims, Atlas alleges that OnePlus Technology has known of the Asserted Patents and its alleged infringement since March 11,

2015, when the original owner of the patents—Newracom, Inc. ("Newracom")—submitted a

Letter of Assurance for Essential Patent Claims to the IEEE. *Id.*, ¶27. Atlas does not make any

allegations concerning the content of the Letter of Assurance. Nor does Atlas explain how a

letter from March 2015 provided notice of the Asserted Patents, which were not granted until

two or more years later (between 2017 and 2020). Atlas also does not allege that Newracom sent

the Letter of Assurance to OnePlus Technology, nor that OnePlus Technology received the

Letter of Assurance by some other means.

## III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*.

## IV.   ARGUMENT

### A.   Atlas Fails to Plausibly Allege that OnePlus Technology Committed Acts of Direct Infringement in the United States

To allege a claim of direct infringement under § 271(a), a plaintiff must allege facts

giving rise to a plausible inference that the defendant committed acts of infringement in the

United States. *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009)

("Critically, it is the infringing act . . . that must be within (or into) the United States."). Here,

Atlas does not (and cannot) plausibly allege that OnePlus Technology engaged in any such acts of direct infringement.

### 1. Atlas fails to plausibly allege direct infringement of the asserted method claims of the '259, '738, '679, and '919 Patents

Atlas alleges that OnePlus Technology infringes only method claims of four patents—the '259, '738, '679, and '919 Patents. To state a claim for direct infringement of a method claim, Atlas must plausibly allege that OnePlus Technology performs every claimed step of the method in the United States. *Meyer Intellectual Properties Ltd. v Bodum, Inc.*, 690 F.3d 1354, 1371 (Fed. Cir. 2012) ("[D]irect infringement of a method claim requires that each of the claimed steps are performed within the United States[.]"). Allegations that OnePlus Technology makes, imports, offers to sell, or sells products capable of practicing the claimed methods are legally insufficient to allege direct infringement of the asserted method claims.  *See, e.g.*, *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010) ("Because the claims asserted by i4i are method claims, Microsoft's sale of Word, without more, did not infringe the '449 patent [as] [d]irect infringement occurs only when someone performs the claimed method"), *aff'd*, 564 U.S. 91 (2011); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use"); *Koninklijke Philips N.V. v. Zoll Med. Corp.,* 656 F. App'x. 504, 521 (Fed. Cir. 2016) (holding that even products configured to automatically perform a method do not directly infringe the method claim).

The Complaint is devoid of *any* factual allegation that could give rise to a reasonable inference that OnePlus Technology has performed the steps of any of the asserted method claims in the United States. Atlas alleges that the accused products are placed into the stream of commerce, imported, and sold in the United States. Dkt. 1, ¶¶9, 12, 18. But such allegations do

not, as a matter of law, state a claim for direct infringement of the asserted method claims. *See, e.g., i4i Ltd. P'ship*, 598 F.3d at 850; *Ormco Corp.*, 463 F.3d at 1311; *Koninklijke Philips*, 656 F. App'x at 521. At best, the Complaint alleges that a person infringes the '259, '738, '679, and '919 Patents upon using the accused products in compliance with the Wi-Fi 6 standard. However, the Complaint lacks any factual allegation that would give rise to a reasonable inference that OnePlus Technology—a Chinese company that is "not a resident of the United States" (Dkt. 1, ¶¶5, 21)—has ever used the accused devices in the United States.

**2.     Atlas fails to plausibly allege direct infringement of the apparatus claims of the '442, '513, '886, and '851 Patents**

Atlas also fails to plausibly allege that OnePlus Technology committed acts of direct infringement in the United States with respect to the apparatus claims of the '442, '513, '886, and '851 Patents. For those patents, Atlas was required to allege facts giving rise to a reasonable inference that OnePlus Technology "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a).

**a.     Atlas admits that OnePlus Technology does not make the accused products in the United States**

The Complaint includes multiple summary allegations that OnePlus Technology makes the accused products in the United States. Dkt. 1, ¶¶2, 28, 35, 43, 52, 60, 68, 76, 84, 92. But Atlas does not allege any facts giving rise to a reasonable inference that OnePlus Technology is engaged in such manufacturing activities. *See id.* More importantly, **Atlas admits that the accused devices are "made outside the United States."** *Id.*, ¶7 (emphasis added).

b.      **Atlas does not plausibly allege that OnePlus Technology uses the accused products in the United States**

As noted in Part IV.A.1, above, the Complaint is devoid of any plausible allegations that OnePlus Technology uses the accused devices in the United States. The Complaint includes only threadbare/conclusory allegations of use without any underlying factual allegations. *See* Dkt. 1, ¶¶2, 28, 35, 36, 43, 52, 53, 60, 61, 68, 76, 84, 92.

c.      **Atlas alleges that third parties—not OnePlus Technology— import the accused products into the United States**

Atlas makes a series of threadbare/conclusory allegations that OnePlus Technology imports the accused devices into the United States. Dkt. 1, ¶¶2, 7, 10, 12, 18, 19, 28, 35, 37, 43, 45, 52, 54, 60, 62, 68, 70, 76, 78, 84, 86, 92, 94. But again, Atlas does not allege any underlying facts in support of those conclusory assertions. *See id.* To the contrary, Atlas repeatedly alleges that third parties—not OnePlus Technology—are importing the accused devices into the United States.  For example, Atlas alleges that a company "related" to OnePlus Technology imports products into Texas. *Id.*, ¶18. Elsewhere, Atlas alleges that "suppliers and distributors import" the accused devices. *Id.*, ¶19. Still elsewhere, Atlas identifies the importers as "intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers." *Id.*, ¶10; *see also id.*, ¶11 ("importers"), ¶12 ("agents and distribution partners, retailers (including national retailers), reseller partners, solution partners, brand ambassadors, and other solution partners").

d.      **Atlas alleges that third parties—not OnePlus Technology— offer to sell and sell the accused products in the United States**

Atlas dedicates a large portion of the Complaint to allegations that OnePlus-branded devices are sold to consumers in the United States over the Internet and "via distribution partners." Dkt. 1, ¶¶7, 12, 37, 45, 54, 62, 70, 78, 86, 94. But again, Atlas does not make any plausible factual allegations that OnePlus Technology is itself making any of the alleged sales or

offers to sell in the United States. The Complaint identifies the alleged "distribution partners" as third-party retailers, such as Amazon, BestBuy, Walmart and T-Mobile. *Id.*, ¶13. For the Internet sales, the Complaint refers to the "store" available through the oneplus.com website. *Id.*, ¶7. But Atlas does not make any factual allegations that would give rise to an inference that OnePlus Technology is making sales through the website store. In fact, the Terms of Sales posted on the website state that the sales in the United States are made by a U.S. company (OnePlus USA Corp.), not OnePlus Technology.[1] *See* DeFosse Decl., Ex. 1 at §1.5 (defining "OnePlus" to mean OnePluse USA Corp).

### 3. Atlas fails to adequately allege claims for joint infringement or alter-ego liability

In the absence of allegations concerning any infringing activity of OnePlus Technology in the United States, Atlas focuses much of the Complaint on allegations concerning the activities of other companies. For example, Atlas alleges that T-Mobile, Walmart, Amazon, and BestBuy sell the accused devices. Dkt. 1, ¶¶13, 14, 15, 18. Atlas also references the alleged infringing activities of other unnamed "related entities," "subsidiaries," "agents," "intermediaries," "distributors," "suppliers," and "consumers." *Id.*, ¶¶10, 11, 12, 18, 19. In hopes of bridging the gap between these third-party allegations and a claim of direct infringement against OnePlus Technology, Atlas summarily alleges that the various third parties operate under the "direction and control" of OnePlus Technology and also include "alter egos" of OnePlus Technology. *Id.*, ¶¶2, 11, 36, 44, 53, 61, 69, 77, 85, 93. These allegations are legally insufficient.

---

[1] In resolving a motion to dismiss, the Court may consider the website's Terms of Sale because the Complaint referenced the website in paragraphs 6, 13, 18, 19, and 29 as a central part of the allegations of infringement in the United States. *See Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### a.      Atlas does not state a claim for joint infringement

Atlas's allegations concerning "direction and control" are an apparent (albeit vague and implicit) invocation of the doctrine of joint infringement. Under that doctrine, "[w]here more than one actor is involved in practicing the steps" of a method claim, "the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

To state a claim for joint infringement, Atlas is required to allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." [2] *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017); *see also De La Vega v. Microsoft Corp.*, No. 19-cv-00612, 2020 WL 3528411, at *4-5 (W.D. Tex. Feb. 11, 2020). Conclusory allegations of "direction and control" are legally insufficient to state a claim for joint infringement. *See, e.g., Lone Star Tech. Innovations, LLC v. ASUSTeK Computer, Inc.*, No. 19-cv-00059, 2020 WL 6803249, at *6-7 (E.D. Tex. Jan. 14, 2020) (dismissing claim of joint infringement because Plaintiff failed to provide factual support).

As an initial matter, Atlas's allegations of "direction and control" with respect to the asserted apparatus claims of the '442, '513, '886, and '851 Patents (*see* Dkt. 1, ¶¶11, 53, 61, 85, 93) fail because the doctrine of joint infringement does not apply to apparatus claims. *See, e.g., Georgetown Rail Equip. Co. v. Holland LP*, No. 13-CV-366, 2016 WL 3346084, at *15 (E.D. Tex. June 16, 2016); *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 970 (N.D. Cal. 2018).

---

[2] Atlas does not make any allegation that OnePlus Technology formed a joint enterprise with the companies accused of engaging infringing activity in the United States.

Atlas's allegations also fail with respect to all of the asserted claims (whether method or apparatus) because Atlas does not allege any underlying facts that allow a reasonable inference that OnePlus Technology exercises "direction and control" over any of the companies operating in the United States. Indeed, Atlas fails to identify the parties that OnePlus Technology allegedly controls or the alleged means of controlling those unnamed parties. Instead, the Complaint includes only a series of conclusory assertions—unaccompanied by any underlying factual allegations—that OnePlus Technology exercises "direction and control." *See* Dkt. 1, ¶¶11, 36, 44, 69, 77.

### b.       Atlas does not state a claim for alter ego liability

Atlas also alleges, in passing, that unnamed companies operating in the United States are "alter egos" of OnePlus Technology. Dkt. 1, ¶10. Again, this conclusory allegation is insufficient.

"In order to sufficiently allege alter ego liability, a plaintiff must set forth specific facts showing that, 'in all aspects of the business, the [] corporations actually functioned as a single entity and should be treated as such." *ExxonMobil Rsch. & Eng'g Co. v. Gensym Corp.*, No. 12-CV-442, 2013 WL 1314461, at *4 (W.D. Tex. Mar. 28, 2013). "When the parent and subsidiary observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity." *Nat'l Steel Car Ltd. v. Greenbrier Cos.*, No. 19-cv-00721, 2020 WL 4289388, at *5 (W.D. Tex. July 27, 2020). Clear evidence is required to "rebut the presumption of institutional independence." *Id.*, at *3. "[A]ctivities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego." *Id.*, at *2.

Here, Atlas fails to identify the companies allegedly operating as alter egos of OnePlus Technology. Atlas also fails to plead any facts that would allow the allegedly infringing activities of those unnamed companies to be attributed to OnePlus Technology under a veil-piercing

theory. A single conclusory assertion that unnamed companies operate as "alter egos" of

OnePlus Technology is insufficient to state a claim. *See, e.g.*, *Implicit, LLC v. NetScout Sys.,*

*Inc.*, No. 18-CV-00053, 2019 WL 127115, at *2 (E.D. Tex. Jan. 8, 2019) (dismissing claim the

Defendant is responsible for actions of "related entities" under the doctrine of alter ego because

the "allegation amounts to no more than a legal conclusion and therefore fails to state a plausible

claim for relief").

### B. Atlas Fails to Plausibly Allege Direct Infringement Based on Compliance with the WiFi 6 Standard

Atlas also fails to state a claim for direct infringement because Atlas fails to adequately

allege facts allowing for a reasonable inference that compliance with the Wi-Fi 6 standard

necessarily results in infringement of the Asserted Patents.

The Federal Circuit has held that "a district court may rely on an industry standard in

analyzing infringement." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010). The

Federal Circuit, however, placed several "caveats" on such reliance. *Id.*; *see also Stragent, LLC*

*v. BMW of N. Am., LLC*, No. 16-cv-446, 2017 WL 2821697, at *4 (E.D. Tex. Mar. 3, 2017). In

particular, the Federal Circuit recognized that, "in many instances, an industry standard does not

provide the level of specificity required to establish that practicing that standard would always

result in infringement." *Fujitsu*, 620 F.3d at 1327. Additionally, when the relevant section of the

standard is optional, "compliance alone would not establish that the accused infringer chooses to

implement the optional section." *Id.* at 1327-28. As such, "[o]nly in a situation where a patent

covers every possible implementation of a standard will it be enough to prove infringement by

showing standard compliance." *Id.* at 1328.

Here, Atlas alleges infringement based on compliance with the Wi-Fi 6 standard. But

Atlas fails to include the factual allegations necessary to state a claim under *Fujitsu*. For six of

the eight asserted patents—the '442, '513, '679, '919, '886, and '851 Patents—Atlas's allegations follow the same progression: (a) a recitation of the title, issuance date, and priority date of the Asserted Patent; (b) a statement that the Asserted Patent generally "relates" to some high-level topic; (c) a statement that the Wi-Fi 6 standard also generally touches on that high-level topic; and (d) a conclusory assertion that the accused products infringe a specific claim of the Asserted Patent. Dkt. 1, ¶¶50-52, 58-60, 66-68, 74-76, 82-84, 90-92. Atlas does not recite or address any limitations of the asserted claims; Atlas does not identify any section of the Wi-Fi standard that allegedly practices the asserted claims; Atlas does not allege that the unidentified portions of the Wi-Fi 6 standard are mandatory; and Atlas does not allege that the unidentified portions of the standard can only be implemented by practicing the asserted claims. In the absence of these factual allegations, there is no basis to draw a reasonable inference that the Asserted Patents "cover[] every possible implementation of a standard." *Fujitsu*, 620 F.3d at 1328. To the contrary, it is entirely unclear which portions of the Wi-Fi 6 standard are even at issue, much less whether those portions are mandatory and could plausibly "provide the level of specificity required to establish that practicing that standard would always result in infringement." *Id.*, at 1327.

For the remaining two Asserted Patents—the '259 and '738 Patents—Atlas provides unexplained string cites to portions of the Wi-Fi 6 standard at the end of the allegation of infringement.  In paragraph 35 (Dkt. 1), Atlas alleges:

> The Accused Products infringe at least claim 1 of the '259 Patent by practicing the 802.11ax Standard, as indicated in OnePlus' product specifications for the Accused Products. The OnePlus Accused Products operate as Station devices that are designed by OnePlus and operate consistent with the requirements of 802.11ax. This includes the ability to generate and send multi-user ("MU") uplink ("UL") transmissions in response to a request by an Access Point ("AP") on the wireless network and receive MU downlink ("DL") transmissions from an AP. ***See e.g., 802.11ax-2021 at § 26.7.3(HE Sounding Protocol) and Figures 9-61a (HE NDP***

**Announcement frame format), 9-61b (STA info field in an HE NDP Announcement frame) and 26-8 (Example of HE TB sounding).**

In paragraph 43 (Dkt. 1), Atlas similarly alleges:

The Accused Products infringe at least claim 9 of the '738 Patent by practicing the 802.11ax Standard, as indicated in OnePlus' product specifications for the Accused Products. The OnePlus Accused Products operate as Station devices that are designed by OnePlus and operate consistent with the requirements of 802.11ax. This includes the ability to receive a MU trigger frame from an AP that includes both a common information field and a dedicated information field, and the ability to transmit an MU uplink frame to the AP. ***See e.g.*, 802.11ax-2021 at §4.3.15a (High efficiency (HE) STA; § 9.3.1.22.1 (Trigger Frame format); § 10.3.2.13.3 (Acknowledgement procedure for an UL MU transmission); § 27.3.11.10 (HE-LTF); Figure 9-64a (Trigger frame format); Figure 9-64b (Common info field format); Figure 9-64d (User Info field format); Figure 10-14b; and Figure 10-14c.**

While the preceding paragraphs from the Complaint (unlike the allegations for the other six Asserted Patents) cite portions of the Wi-Fi 6 standard, Atlas still fails to make any allegations giving rise to a reasonable inference that the cited provisions of the standard are mandatory and have the level of specificity required necessary to establish infringement. And, again, there is no plausible factual basis to infer that the asserted claims of the '259 and '738 Patents "cover[] every possible implementation" of the Wi-Fi 6 standard. *Fujitsu*, 620 F.3d at 1328.

Courts confronting allegations like those found in the Complaint have held that such allegations fail to state a claim for direct infringement. For example, in *Stragent*, the court dismissed the claim of direct infringement based on compliance with the AUTOSAR Standard. 2017 WL 2821697, at *3-6. The *Stragent* Court held that plaintiff failed to plead infringement because—like here—the plaintiff failed to identify whether the asserted claims contain an essential element that is necessary to practice the AUTOSAR Standard or "explain how the accused products, by complying with the AUTOSAR Standard, infringed the asserted claims." *Id.*, at *5. Similarly, in *Network Managing Sols., LLC v. AT&T Inc.*, the plaintiff made

allegations almost identical to the allegations Atlas makes here. *See* No. 16-cv-00295, 2017 WL 472080 at *1 (D. Del. Feb. 3, 2017) ("Plaintiff makes three primary allegations related to infringement. First, Plaintiff identifies at least one claim from each asserted patent that it alleges Defendants infringed. Second, Plaintiff alleges that the 3rd Generation Partnership Project Standards incorporate the technologies covered by the patents. Third, Plaintiff also alleges on information and belief that Defendants adopted the 3GPP standards."). The *Network Managing Solutions* Court dismissed the claim for direct infringement because generally alleging that a standard incorporates the technology of a patent is insufficient to state a claim. *Id.*

The same result reached in *Stragent* and *Network Managing Solutions* is warranted here. Atlas is aware of the limitations of Asserted Patents and the contents of the Wi-Fi 6 standard. But Atlas makes no effort to allege the basic facts necessary to state a claim for direct infringement based on compliance with the Wi-Fi 6 standard as required under *Fujitsu*.

### C. Atlas Fails to Plausibly Allege a Claim for Indirect Infringement

Atlas also fails to state a claim for indirect infringement.

#### 1. Atlas fails to plausibly allege underlying acts of direct infringement

To state a claim for indirect infringement, Atlas must plausibly allege that OnePlus induced third parties to directly infringe the Asserted Patents. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement . . . can only arise in the presence of direct infringement[.]").  Atlas alleges that third parties directly infringe when they make, use, import, offer to sell, or sell accused products that comply with the Wi-Fi 6 standard. But, as set forth above in Part IV.B, Atlas fails to plausibly allege that compliance with the Wi-Fi 6 standard results in direct infringement of the Asserted Patents. In the absence of plausible allegations of direct infringement, the claims for indirect infringement also fail.

### 2.    Atlas fails to plausibly allege pre-suit knowledge of the asserted patents or the alleged infringement

To state a claim for indirect infringement, Atlas must plausibly allege that OnePlus Technology had knowledge of the Asserted Patents and the alleged infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011). Atlas alleges that OnePlus Technology learned of the Asserted Patents because the original owner of the Asserted Patents sent a Letter of Assurance to the IEEE in March 2015. Dkt. 1, ¶27. This allegation is deficient in multiple respects. Atlas does not allege that OnePlus Technology received the Letter; Atlas does not allege that the Letter refers to any of the Asserted Patents; and the Letter was sent more than two years before the first of the Asserted Patents was granted in 2017.  As such, the claims for pre-suit indirect infringement must be dismissed.

### D.    Atlas Fails to Plausibly Allege a Claim for Willful Infringement

Atlas also seeks enhanced damages for willful infringement. Dkt. 1, Prayer for Relief. To state a claim for willful infringement, Atlas must allege facts giving rise to a reasonable inference that OnePlus Technology had knowledge of the Asserted Patents and engaged in the type of wanton conduct required for claims of willful infringement. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021) (stating that willful infringement requires knowledge of the asserted patents and showing of infringing conduct at the time was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate.").

Here, as set forth above in Parts IV.B and IV.C, Atlas fails to allege a claim for any form of direct or indirect infringement. Atlas also fails to provide sufficient factual allegations that OnePlus Technology had knowledge of the Asserted Patents. *See* Part IV.C.2, above. The Complaint is also devoid of any allegation that would reasonably suggest that OnePlus

Technology engaged in conduct that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Bayer*, 989 F.3d at 987-88. Thus, the claim for willful infringement should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, OnePlus Technology respectfully requests that the Complaint be dismissed in its entirety and with prejudice.

Dated:  July 8, 2022                          Respectfully submitted,

By: */s/ Robert M. Masters*
JENNIFER KLEIN AYERS
Texas Bar No. 24069322
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401
jayers@sheppardmullin.com

ROBERT M. MASTERS (admitted *pro hac*)
JONATHAN R. DEFOSSE (admitted *pro hac*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901
rmasters@sheppardmullin.com
jdefosse@sheppardmullin.com

*Attorneys for OnePlus Technology (Shenzhen) Co., Ltd.*

## CERTIFICATION OF COMPLIANCE

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.1—Patent

Cases, Defendant OnePlus Technology (Shenzhen) Co. Ltd. hereby certifies that the parties

conducted a meet and confer on June 28, 2022 to discuss dismissing the allegations of indirect

and willful infringement without prejudice, with leave to re-plead those allegations with

specificity if supported by a good faith basis under Rule 11 within three months after fact

discovery opens. Following the meet and confer, Plaintiff advised Defendant that Plaintiff does

not agree to withdraw the allegations of indirect or willful infringement.


By: */s/ Robert M. Masters*

JENNIFER KLEIN AYERS
Texas Bar No. 24069322
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401
jayers@sheppardmullin.com

ROBERT M. MASTERS (admitted *pro hac*)
JONATHAN R. DEFOSSE (admitted *pro hac*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901
rmasters@sheppardmullin.com
jdefosse@sheppardmullin.com


*Attorneys for OnePlus Technology (Shenzhen) Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system under Local Rule CV-5, which provides notification to all counsel of record who are deemed to have consented to electronic service.

By: */s/ Robert M. Masters*
     Robert M. Masters