# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 6:21-cv-01217-ADA |
| | ) | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S OPPOSED PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR <u>FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................2

III.    LEGAL STANDARD ..........................................................................................5

IV.     ARGUMENT ......................................................................................................6

    A.      Atlas Fails to Plausibly Allege that OnePlus Technology Committed Acts of
        Direct Infringement in the United States............................................................6

        1.      Atlas fails to plausibly allege direct infringement of the asserted method
            claims of the '259, '738, '679, and '919 Patents ......................................6

        2.      Atlas fails to plausibly allege direct infringement of the apparatus claims
            of the '442, '513, '886, and '851 Patents .................................................10

            a.      Atlas does not plausibly allege that OnePlus Technology uses the
                accused products in the United States..........................................10

            b.      Atlas does not allege any facts concerning manufacturing in the
                United States...............................................................................11

            c.      Atlas alleges that third parties—not OnePlus Technology—import
                the accused products into the United States ................................11

            d.      Atlas alleges that third parties—not OnePlus Technology—offer to
                sell and sell the accused products in the United States ................11

        3.      Atlas fails to adequately allege claims for joint infringement or alter-ego
            liability ..................................................................................................12

            a.      Atlas does not state a claim for joint infringement......................13

            b.      Atlas does not state a claim for alter ego liability .......................14

    B.      Atlas Fails to Plausibly Allege Claims for Pre-suit Indirect Infringement ...........15

    C.      Atlas Fails to Plausibly Allege a Claim for Pre-suit Willful Infringement...........18

V.      CONCLUSION ....................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*
   797 F.3d 1020 (Fed. Cir. 2015)................................................................................13

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..................................................................................................5

*Bayer Healthcare LLC v. Baxalta Inc.*
   989 F.3d 964 (Fed. Cir. 2021)..................................................................................18

*De La Vega v. Microsoft Corp.*
   No. 19-cv-00612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................13

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*
   802 F. Supp. 2d 527 (D. Del. 2011) ........................................................................16

*ExxonMobil Rsch. & Eng'g Co. v. Gensym Corp.*
   No. 12-CV-442, 2013 WL 1314461 (W.D. Tex. Mar. 28, 2013) ..........................14

*Finjan, Inc. v. Cisco Sys. Inc.*
   No. 17-cv-00072, 2017 WL 2462423 (N.D. Cal. June 7, 2017)............................17

*Gemtron Corp. v. Saint-Gobain Corp.*
   572 F.3d 1371 (Fed. Cir. 2009)..................................................................................6

*Georgetown Rail Equip. Co. v. Holland LP*
   No. 13-CV-366, 2016 WL 3346084 (E.D. Tex. June 16, 2016)............................14

*Global-Tech Appliances, Inc. v. SEB S.A.*
   563 U.S. 754 (2011) ................................................................................................15

*Huawei Techs. Co. v. Samsung Elecs. Co.*
   340 F. Supp. 3d 934 (N.D. Cal. 2018)....................................................................14

*i4i Ltd. P'ship v. Microsoft Corp.*
   598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) ......................................6

*Implicit, LLC v. NetScout Sys., Inc.*
   No. 18-CV-00053, 2019 WL 127115 (E.D. Tex. Jan. 8, 2019)............................15

*Koninklijke Philips N.V. v. Zoll Med. Corp.*
   656 F. App'x. 504 (Fed. Cir. 2016)............................................................................6

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*
   594 F.3d 383 (5th Cir. 2010) ..................................................................................12

*Lone Star Tech. Innovations, LLC v. ASUSTeK Computer, Inc.*
    No. 19-cv-00059, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020) ........................................13

*Lyda v. CBS Corp.*
    838 F.3d 1331 (Fed. Cir. 2017)........................................................................................13

*Meyer Intellectual Properties Ltd. v Bodum, Inc.*
    690 F.3d 1354 (Fed. Cir. 2012)..........................................................................................6

*Monec Holding AG v. Motorola Mobility, Inc.*
    897 F. Supp. 2d 225 (D. Del. 2012) ..................................................................................17

*Nat'l Steel Car Ltd. v. Greenbrier Cos.*
    No. 19-cv-00721, 2020 WL 4289388 (W.D. Tex. July 27, 2020)........................................15

*Ormco Corp. v. Align Tech., Inc.*
    463 F.3d 1299 (Fed. Cir. 2006)..........................................................................................6

*Toshiba Corp. v. Imation Corp.*
    990 F. Supp. 2d 882 (W.D. Wis. 2013)..............................................................................17

*United States v. Roedel Parsons Koch Blache Balhoff & McCollister*
    626 F. App'x 528 (5th Cir. 2015) ...................................................................................5, 7

Statutes

28 U.S.C. § 1391 ......................................................................................................................1

35 U.S.C. § 271(a) .......................................................................................................2, 6, 8, 10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus Technology") respectfully moves to dismiss the claims for direct infringement and pre-suit indirect infringement asserted in the First Amended Complaint.

## I.      INTRODUCTION

The claims for direct infringement should be dismissed because Plaintiff Atlas Global Technologies LLC ("Atlas") fails to plausibly allege that OnePlus Technology has committed acts of infringement in the United States. Atlas alleges that various OnePlus-branded smartphones sold in the United States infringe eight U.S. patents. Atlas is aware that OnePlus USA Corp.—not OnePlus Technology—is the company responsible for marketing and selling the accused devices in the United States. Atlas is also aware that venue is improper in this Judicial District with respect to OnePlus USA Corp. Rather than filing suit against OnePlus USA Corp. in a different judicial district where venue is proper, Atlas seeks to manufacture venue in the Western District of Texas by naming a foreign affiliate—OnePlus Technology—as the only defendant. As a Chinese company that is not resident in the United States, OnePlus Technology "may be sued in any judicial district" under 28 U.S.C. § 1391. While the gambit of naming OnePlus Technology as the only defendant solves Atlas's venue problem, it creates another insurmountable pleading obstacle—Atlas fails to plausibly allege (as it must) that OnePlus Technology has committed any acts of direct infringement in the United States. In the absence of such allegations, the claims for direct infringement against OnePlus Technology must be dismissed.

Atlas's claims for pre-suit indirect infringement also fail because Atlas cannot plausibly allege that OnePlus Technology had knowledge of the asserted patents or the alleged infringement before the filing of the lawsuit.

## II.     FACTUAL BACKGROUND

OnePlus Technology is a limited liability company organized under the laws of the People's Republic of China with its principal place of business in China. Dkt. 33, ¶7. OnePlus Technology is engaged in research and development related to OnePlus-branded smartphones. *Id.*, ¶9.

Atlas alleges that OnePlus Technology has directly and indirectly infringed eight patents—U.S. Patent Nos. 9,763,259 ("the '259 Patent"); 9,825,738 ("the '738 Patent"); 9,848,442 ("the '442 Patent"); 9,912,513 ("the '513 Patent"); 9,917,679 ("the '679 Patent"); 10,020,919 ("the '919 Patent"); 10,153,886 ("the '886 Patent"); and 10,756,851 ("the '851 Patent") (collectively, the "Asserted Patents"). Dkt. 33, ¶1. Atlas alleges that the Asserted Patents are essential to practicing the 802.11ax ("Wi-Fi 6") standard issued by the Institute of Electrical and Electronics Engineers (the "IEEE"). *See id.*, ¶40. Atlas alleges that OnePlus-branded devices that comply with the Wi-Fi 6 standard thus infringe the Asserted Patents. *Id.*, ¶42.

The Complaint includes multiple boilerplate allegations that OnePlus Technology committed acts of direct infringement in the United States. These allegations largely recite the language of § 271(a). Paragraph 2 of the Complaint is representative:

> Atlas alleges that OnePlus both directly and/or indirectly infringes each of the Asserted Patents. OnePlus directly infringes the method claims of the Asserted Patents by using the Accused Products (described below) in the United States without a license. OnePlus directly infringes the apparatus claims of the Asserted Patents by making, using, selling, offering to sell, and/or importing the Accused Products in the United States without a license.

Dkt. 33, ¶2; *see also id.*, ¶¶13, 40, 51, 63, 74, 80, 88, 98, 108, 120, 131.

The Complaint does not allege any facts concerning OnePlus Technology's alleged acts of direct infringement in the United States. For example, Atlas does not allege that OnePlus

Technology has any offices, employees, or operations in the United States. To the contrary, Atlas alleges that OnePlus Technology "is **not** a resident of the United States." Dkt. 33, ¶27 (emphasis added). In the Amended Complaint, Atlas added three paragraphs alleging based on "information and belief" that unidentified employees of OnePlus Technology have used OnePlus products in an infringing manner in the United States. *Id.*, ¶¶44-46. Atlas speculates that OnePlus employees must "regularly travel" to the United States (*id.*, ¶44 n.1); while here, Atlas speculates that those employees might use their own OnePlus devices "where Wi-Fi 6 networks are provided" (*id.*, ¶44); Atlas further speculates that OnePlus employees visiting the United States might use OnePlus devices at trade shows or "pop-up stores" (*id.*, ¶45); and Atlas speculates that OnePlus Technology employees infringe the Asserted Patents in some unspecified way while engaged in "trouble shooting" communications with customers (*id.*, ¶46). Atlas does not allege a single fact that would plausibly support these "information and belief" allegations. *See id.*, ¶¶44-46.

Like the original Complaint, the Amended Complaint also includes multiple allegations that contradict the boilerplate assertions that OnePlus Technology committed acts of direct infringement in the United States. For example, Atlas makes the boilerplate allegation that OnePlus Technology imports, offers to sell, and sells products in the United States, but the Amended Complaint states elsewhere that other companies import and sell the accused devices in the United States. *E.g.*, Dkt. 33, ¶¶15, 16, 18, 24. Atlas identifies these third parties generically as "intermediaries, agents, related entities, distributors, importers, customers, subsidiaries, and/or consumers." *Id.*, ¶16; *see also id.*, ¶17 (accused products placed into the stream of commerce by "agents and distribution partners, retailers (including national retailers), reseller partners, solution partners, brand ambassadors, and other service partners"), ¶23 (a "related entity" imports and sells accused devices), ¶24 ("suppliers and distributors" import and

sell the accused devices). Atlas also identifies specific third-party retailers, such as Amazon, T-Mobile, BestBuy, and Walmart, as companies that sell the accused devices in the United States. *Id.*, ¶¶18-20, 23. Atlas also makes the boilerplate allegation that OnePlus Technology is "making" the accused products in the United States. *Id.*, ¶¶ 2, 40, 74, 88, 120, 131. Atlas is aware that there are no facts supporting this allegation. Indeed, Atlas admitted in the original Complaint that the accused products "are made outside the United States." Dkt. 1, ¶7. Rather than removing the unsupported allegations that OnePlus Technology "makes" the accused products in the United States, Atlas instead edited the Amended Complaint to delete the admission that the accused products are manufactured abroad. *Compare* Dkt. 1, ¶7 *with* Dkt. 33, ¶9.

Atlas also alleges generally that OnePlus Technology is "vicariously" liable for the direct infringement of third parties operating in the United States because OnePlus Technology allegedly exercises "direction and control" over those third parties. Dkt. 33, ¶¶15, 16. Atlas also alleges, in passing, that the third parties include "alter egos" of OnePlus Technology. *Id.*, ¶15. Again, Atlas pleads no facts in support of these conclusory assertions. For example, Atlas does not identify the specific entities allegedly operating under OnePlus Technology's direction and control, nor allege any facts that would give rise to a plausible inference that OnePlus Technology exercises such control. Nor does Atlas identify the alleged "alter egos" or allege any facts relevant to piercing the corporate veil.

In addition to the allegations of direct infringement, the Complaint also alleges that OnePlus Technology knowingly induced third parties to infringe the Asserted Patents. Dkt. 33, ¶¶3, 13, 15, 54, 55, 56, 65, 66, 68, 81, 82, 92, 93, 102, 103, 112, 113, 124, 125, 135, 136. Atlas also asks for enhanced damages for willful infringement. *Id.*, ¶¶138-142, Prayer for Relief. In support of these claims, Atlas alleges that OnePlus Technology learned of the Asserted Patents

prior to the lawsuit because: (1) the original owner of the patents—Newracom, Inc.

("Newracom")—submitted a Letter of Assurance for Essential Patent Claims to the IEEE dated

March 11, 2015; (2) on "information and belief," OnePlus Technology "learns of essential patent

claims as the patents issue"; (3) Atlas sent a letter to OnePlus Technology's CEO, Pete Lau

(ATLAS-ONEPLUS-00000002); (4) Atlas sent a letter to the CEO of OnePlus USA Corp., Wei

Zhao (ATLAS-ONEPLUS-00000005); and (5) on "information and belief," OnePlus Technology

monitors lawsuits against other electronics companies. *Id.*, ¶¶36-38.

## III.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.* Moreover, allegations made "on information and

belief" are not sufficient to state a claim. Rather, "even where allegations are based on

information and belief, the complaint must set forth a factual basis for such belief." *United States

v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 F. App'x 528, 533 n.7 (5th Cir.

2015).

IV.     **ARGUMENT**

   A.     **Atlas Fails to Plausibly Allege that OnePlus Technology Committed Acts of Direct Infringement in the United States**

To allege a claim of direct infringement under § 271(a), a plaintiff must allege facts giving rise to a plausible inference that the defendant committed acts of infringement in the United States. *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("Critically, it is the infringing act . . . that must be within (or into) the United States."). Here, Atlas does not (and cannot) plausibly allege that OnePlus Technology engaged in any such acts of direct infringement.

   1.     **Atlas fails to plausibly allege direct infringement of the asserted method claims of the '259, '738, '679, and '919 Patents**

Atlas alleges that OnePlus Technology infringes only method claims of four patents—the '259, '738, '679, and '919 Patents. To state a claim for direct infringement of a method claim, Atlas must plausibly allege that OnePlus Technology performs every step of the claimed method in the United States. *Meyer Intellectual Properties Ltd. v Bodum, Inc.*, 690 F.3d 1354, 1371 (Fed. Cir. 2012) ("[D]irect infringement of a method claim requires that each of the claimed steps are performed within the United States[.]"). Allegations that OnePlus Technology makes, imports, offers to sell, or sells products capable of practicing the claimed methods are legally insufficient to allege direct infringement of the asserted method claims. *See, e.g.*, *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010) ("Because the claims asserted by i4i are method claims, Microsoft's sale of Word, without more, did not infringe the '449 patent [as] [d]irect infringement occurs only when someone performs the claimed method"), *aff'd*, 564 U.S. 91 (2011); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use"); *Koninklijke Philips N.V. v. Zoll Med. Corp.,* 656 F. App'x. 504, 521

(Fed. Cir. 2016) (holding that even products configured to automatically perform a method do not directly infringe the method claim).

The Amended Complaint is devoid of any **factual** allegation that OnePlus Technology—a Chinese company that is "not a resident of the United States" (Dkt. 33, ¶¶7, 27)—has ever performed the steps of any of the asserted method claims in the United States. Beyond conclusory assertions of "use" in the United States (*e.g.*, Dkt. 33, ¶2), Atlas relies on a series of "information and belief" allegations in paragraphs 44-46 of the Amended Complaint. *See* Dkt. 33, ¶¶51, 62, 98, 108 (alleging use "as described in paragraphs 44-46"). But those allegations are deficient as a matter of law because the Amended Complaint fails to "set forth a factual basis" that makes the "information and belief" allegations plausible. *Roedel*, 626 F. App'x at 533 n.7. Indeed, Atlas fails to allege a plausible factual basis for any of the "information and belief" allegations:

- Atlas alleges on "information and belief" that "OnePlus [Technology] employees primarily based overseas in China regularly travel to the United States." Dkt. 33, ¶44 n.1. To support this "belief," Atlas cites a magazine article that quotes the CEO of OnePlus Technology (Pete Lau) stating that "Our focus for North America remains strong." *Id.* The article makes no mention of OnePlus Technology employees traveling to the United States; the article does not mention any OnePlus Technology employee using Wi-Fi 6 devices in the United States; and the article does not attempt to identify any specific company (e.g., OnePlus USA Corp. or OnePlus Technology) that is operating in the United States. *See* https://www.pcmag.com/news/oneplus-says-it-isnt-backing-away-from-the-us.

- Atlas alleges on "information and belief" that OnePlus Technology employees generally use the accused products "in the United States" such as "at OnePlus [Technology]'s U.S. offices and elsewhere where Wi-Fi 6 networks are provided." Dkt. 33, ¶44.  This allegation merely repeats a variation of the language of § 271(a). Again, Atlas does not set forth any factual basis for its purported belief of use "in the United States." Moreover, the assertion that OnePlus Technology has "U.S. offices" is directly contrary to the admission elsewhere in the Amended Complaint that OnePlus Technology does not reside in the United States. Dkt. 33, ¶27. It is unclear in the Amended Complaint whether the reference to OnePlus Technology's "U.S. Offices" is an oversight or whether Atlas is attempting to blur the lines between OnePlus Technology and OnePlus USA Corp. If the latter, Atlas has not even attempted to allege facts necessary to pierce the corporate veil. *See* Part IV.A.3, below.

- Atlas alleges on "information and belief" that OnePlus Technology employees "demonstrate Wi-Fi 6 features of the Accused products" at trade shows. Dkt. 33, ¶45. Atlas cites a random Internet publication—"Tom's Guide"—that provides a review of a OnePlus device displayed at the Consumer Electronics Show ("CES") in Las Vegas. *Id.* But again, **there is absolutely no mention of OnePlus Technology employees demonstrating any products at the CES (or any other trade show)**. *See* https://www.tomsguide.com/news/the-phones-of-ces-2022-oneplus-10-pro-galaxy-s21-fe-and-more.

- Atlas alleges "on information and belief" that OnePlus Technology employees demonstrate the accused products at "pop-up stores." Dkt. 33, ¶45. Atlas cites an

announcement that there will be a pop-up store in Los Angeles **in the future** (in November 2022). *See* https://www.oneplus.com/x-popups. Atlas makes no attempt to explain how a scheduled future event would be a basis for allegations that OnePlus Technology has committed act of direct infringement. More importantly, **there is again no mention or suggestion that employees of OnePlus Technology (rather than OnePlus USA Corp.) will be doing anything at this future "pop-up" event**. *See id.*

- Atlas alleges "on information and belief" that OnePlus Technology employees "use the Accused Products to perform the infringing methods in the United States as part of providing customer support." Dkt. 33, ¶46. Atlas cites the ability to "call, E-mail [] or chat" through the OnePlus U.S. website. *Id.* Atlas, however, does not allege any facts that would plausibly support an inference that employees of OnePlus Technology are fielding the calls, emails, or chat requests. Nor does Atlas allege any facts that would plausibly support the assertion that the persons providing support are in the United States. And, perhaps most importantly, Atlas does not (and cannot) explain how responding to calls, emails, and chat requests would amount to direct infringement of the Asserted Patents.

In short, Atlas makes a series of generic "information and belief" allegations without any supporting factual allegations. The generic and unsupported nature of Atlas's "information and belief" allegations is also evident because Atlas has asserted **largely identical** (in some cases nearly verbatim) generic "information and belief" allegations against multiple other defendants. *See, e.g.*, *Atlas Global Techs. LLC v. D-Link Corp.*, No. 22-cv-00520 (W.D. Tex.), Dkt. 1 at ¶¶39-41 (nearly identical "information and belief" allegations against D-Link); *Atlas Global*

*Techs. LLC v. Sercomm Corp.*, No. 21-cv-00818 (W.D. Tex.), Dkt. 33 at ¶¶40-42 (nearly identical "information and belief" allegations against Sercomm); *Atlas Global Techs. LLC v. Acer Inc.*, No. 22-cv-00529 (E.D. Tex.), Dkt. 1 at ¶¶36-38 (nearly identical "information and belief" allegations against Acer). The repetition of these same "information and belief" allegations against multiple separately-situated defendants confirms that Atlas's allegations are not based on any facts concerning OnePlus Technology. Instead, any time Atlas seeks to establish venue by naming a foreign defendant, Atlas makes the same boilerplate "information and belief" allegations of infringing use in the United States.

 In sum, the "information and belief" allegations of infringing use are deficient as a matter of law because Atlas fails to allege any plausible factual basis for its alleged "belief" that employees of OnePlus Technology traveled to the United States and used the accused products in an infringing manner.

> **2.     Atlas fails to plausibly allege direct infringement of the apparatus claims of the '442, '513, '886, and '851 Patents**

Atlas also fails to plausibly allege that OnePlus Technology committed acts of direct infringement in the United States with respect to the apparatus claims of the '442, '513, '886, and '851 Patents. For those patents, Atlas was required to allege facts giving rise to a reasonable inference that OnePlus Technology "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a).

> **a.     Atlas does not plausibly allege that OnePlus Technology uses the accused products in the United States**

As noted in Part IV.A.1, above, the Complaint is devoid of any plausible factual allegations that OnePlus Technology uses the accused devices in the United States.

**b.** **Atlas does not allege any facts concerning manufacturing in the United States**

The Complaint includes multiple summary allegations that OnePlus Technology makes the accused products in the United States. Dkt. 33, ¶¶3, 40, 74, 80, 88, 120, 131. Atlas does not allege any facts giving rise to a reasonable inference that OnePlus Technology is engaged in such manufacturing activities. *See id.* Moreover, Atlas previously admitted that the accused devices are "made outside the United States" (before strategically striking that allegation from the Amended Complaint). *See* Dkt. 1, ¶7.

**c.** **Atlas alleges that third parties—not OnePlus Technology— import the accused products into the United States**

Atlas makes a series of threadbare/conclusory allegations that OnePlus Technology imports the accused devices into the United States. Dkt. 33, ¶¶2, 9, 17, 23, 37, 40, 41, 74, 80, 88, 120, 131. But again, Atlas does not allege any underlying facts in support of those conclusory assertions. *See id*. To the contrary, Atlas repeatedly alleges that third parties—not OnePlus Technology—are importing the accused devices into the United States. For example, Atlas alleges that a company "related" to OnePlus Technology imports products into Texas. *Id.*, ¶23. Elsewhere, Atlas alleges that "suppliers and distributors import" the accused devices. *Id.*, ¶24. Still elsewhere, Atlas identifies the importers as "intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers." *Id.*, ¶15; *see also id.*, ¶16 ("importers"), ¶17 ("agents and distribution partners, retailers (including national retailers), reseller partners, solution partners, brand ambassadors, and other solution partners").

**d.** **Atlas alleges that third parties—not OnePlus Technology— offer to sell and sell the accused products in the United States**

Atlas dedicates a large portion of the Amended Complaint to allegations that OnePlus-branded devices are sold to consumers in the United States over the Internet and "via distribution

partners." Dkt. 33, ¶¶9, 17, 55, 65, 66, 81, 92, 102, 112, 124, 135. But again, Atlas does not make any plausible factual allegations that OnePlus Technology is itself making any of the alleged sales or offers to sell in the United States. The Amended Complaint identifies the alleged "distribution partners" as third-party retailers, such as Amazon, BestBuy, Walmart and T-Mobile. *Id.*, ¶18. For the Internet sales, the Amended Complaint refers to the "store" available through the oneplus.com website. *Id.*, ¶7. But Atlas does not make any factual allegations that would give rise to an inference that OnePlus Technology is making sales through the website store. In fact, the Terms of Sales posted on the website state that the sales in the United States are made by a U.S. company (OnePlus USA Corp.), not OnePlus Technology.[1] *See* DeFosse Decl., Ex. 1 at §1.5 (defining "OnePlus" to mean OnePlus USA Corp). Atlas alleges that the U.S. website is one part of a global website that is administered by OnePlus Technology. Dkt. 33, ¶10. For example, OnePlus Technology provides a privacy policy and a "cookie policy." But administering a global website does not provide a plausible basis to infer that OnePlus Technology makes sales through the website in the United States, especially where sales through the website are expressly made by OnePlus USA Corp.—the company that markets and sells OnePlus products in the United States.

3. **Atlas fails to adequately allege claims for joint infringement or alter-ego liability**

In the absence of allegations concerning any infringing activity of OnePlus Technology in the United States, Atlas focuses on allegations concerning the activities of other companies. For example, Atlas alleges that T-Mobile, Walmart, Amazon, and BestBuy sell the accused

---

[1] In resolving a motion to dismiss, the Court may consider the website's Terms of Sale because the Complaint referenced the website in paragraphs 8, 18, 23, 24, 41, and 45 as a central part of the allegations of infringement in the United States. *See Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

devices. Dkt. 33, ¶¶18, 19, 20, 23. Atlas also references the alleged infringing activities of other unnamed "related entities," "subsidiaries," "agents," "intermediaries," "distributors," "suppliers," and "consumers." *Id.*, ¶¶15, 16, 17, 23, 24. In hopes of bridging the gap between these third-party allegations and a claim of direct infringement against OnePlus Technology, Atlas summarily alleges that the various third parties operate under the "direction and control" of OnePlus Technology and also include "alter egos" of OnePlus Technology. *Id.*, ¶¶16, 54, 65, 80, 91, 101, 111, 123, 134. These allegations are legally insufficient.

### a.   Atlas does not state a claim for joint infringement

Atlas's allegations concerning "direction and control" are an apparent (albeit vague and implicit) invocation of the doctrine of joint infringement. Under that doctrine, "[w]here more than one actor is involved in practicing the steps" of a method claim, "the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

To state a claim for joint infringement, Atlas is required to allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." [2] *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017); *see also De La Vega v. Microsoft Corp.*, No. 19-cv-00612, 2020 WL 3528411, at *4-5 (W.D. Tex. Feb. 11, 2020). Conclusory allegations of "direction and control" are legally insufficient to state a claim for joint infringement. *See, e.g.*, *Lone Star Tech. Innovations, LLC v. ASUSTeK Computer, Inc.*, No. 19-

---

[2] Atlas does not make any allegation that OnePlus Technology formed a joint enterprise with the companies accused of engaging infringing activity in the United States.

cv-00059, 2020 WL 6803249, at *6-7 (E.D. Tex. Jan. 14, 2020) (dismissing claim of joint infringement because Plaintiff failed to provide factual support).

As an initial matter, Atlas's allegations of "direction and control" with respect to the asserted apparatus claims of the '442, '513, '886, and '851 Patents (*see* Dkt. 33, ¶¶80, 91, 123, 134) fail because the doctrine of joint infringement does not apply to apparatus claims. *See, e.g.*, *Georgetown Rail Equip. Co. v. Holland LP*, No. 13-CV-366, 2016 WL 3346084, at *15 (E.D. Tex. June 16, 2016); *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 970 (N.D. Cal. 2018).

Atlas's allegations also fail with respect to all of the asserted claims (whether method or apparatus) because Atlas does not allege any underlying facts that allow a reasonable inference that OnePlus Technology exercises "direction and control" over any of the companies operating in the United States. Indeed, Atlas fails to identify the parties that OnePlus Technology allegedly controls or the alleged means of controlling those unnamed parties. Instead, the Complaint includes only a series of conclusory assertions—unaccompanied by any underlying factual allegations—that OnePlus Technology exercises "direction and control." *See* Dkt. 33, ¶¶16, 54, 65, 101, 111.

### b.    Atlas does not state a claim for alter ego liability

Atlas also alleges, in passing, that unnamed companies operating in the United States are "alter egos" of OnePlus Technology. Dkt. 33, ¶15. Again, this conclusory allegation is insufficient.

"In order to sufficiently allege alter ego liability, a plaintiff must set forth specific facts showing that, 'in all aspects of the business, the [] corporations actually functioned as a single entity and should be treated as such." *ExxonMobil Rsch. & Eng'g Co. v. Gensym Corp.*, No. 12-CV-442, 2013 WL 1314461, at *4 (W.D. Tex. Mar. 28, 2013). "When the parent and subsidiary

observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity." *Nat'l Steel Car Ltd. v. Greenbrier Cos.*, No. 19-cv-00721, 2020 WL 4289388, at *5 (W.D. Tex. July 27, 2020). Clear evidence is required to "rebut the presumption of institutional independence." *Id.*, at *3. "[A]ctivities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego." *Id.*, at *2.

Here, Atlas fails to identify the companies allegedly operating as alter egos of OnePlus Technology. Atlas also fails to plead any facts that would allow the allegedly infringing activities of those unnamed companies to be attributed to OnePlus Technology under a veil-piercing theory. A single conclusory assertion that unnamed companies operate as "alter egos" of OnePlus Technology is insufficient to state a claim. *See, e.g.*, *Implicit, LLC v. NetScout Sys., Inc.*, No. 18-CV-00053, 2019 WL 127115, at *2 (E.D. Tex. Jan. 8, 2019) (dismissing claim the Defendant is responsible for actions of "related entities" under the doctrine of alter ego because the "allegation amounts to no more than a legal conclusion and therefore fails to state a plausible claim for relief").

### B.      Atlas Fails to Plausibly Allege Claims for Pre-suit Indirect Infringement

To state a claim for indirect infringement, Atlas must plausibly allege that OnePlus Technology had knowledge of the Asserted Patents and the alleged infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011). Atlas dedicates a portion of the Amended Complaint to OnePlus Technology's "knowledge of Newracom's patents" prior to the filing of the original Complaint. But none of the allegations is sufficient to support a claim for indirect infringement.

Atlas first alleges that OnePlus Technology learned of the Asserted Patents because the original owner of the Asserted Patents sent a Letter of Assurance to the IEEE in March 2015. Dkt. 33, ¶36. This allegation is deficient in multiple respects. Atlas does not allege that OnePlus

Technology received the Letter; Atlas does not allege that the Letter refers to any of the Asserted Patents; and **the Letter was sent more than two years <u>before</u> the first of the Asserted Patents was granted in 2017**.

Atlas next alleges that, "[a]s a company in the wireless electronics space," OnePlus Technology (on "information and belief") monitored the patents covered by Newracom's Letter of Assurance as they were issued. Dkt. 33, ¶36. This is the prototypical allegation that proves too much. According to Atlas's logic, it never needs to provide actual notice or allege actual pre-suit knowledge in any case because every company operating in the "wireless electronics" space— likely tens of thousands of companies—is somehow presumed to know of the Asserted Patents. Courts routinely reject precisely this type of allegation. *See, e.g.*, *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) ("Even more attenuated, plaintiff asserts that defendants knew or should have known of the [patent-in-suit] by virtue of their participation in the interactive television market. The court declines to embrace this reasoning, particularly given the rapidly changing nature of technologically-based markets such as interactive television."). Moreover, Atlas does not (and cannot) allege that Newracom identified any specific patent applications in its Letter of Assurance. As such, there was nothing for OnePlus Technology (or any other "wireless electronics" company) to "monitor."

Atlas next alleges that it "notified OnePlus [Technology]" of the Asserted Patents in two communications. The very documents that Atlas cites show this allegation is not plausible. First, as Atlas admits, one of the communications (ATLAS-ONEPLUS-00000005) was sent to OnePlus USA Corp., **<u>not</u>** OnePlus Technology.[3] *See* DeFosse Decl., Ex. 3. The other

---

[3] Atlas's pre-suit letter to OnePlus USA Corp. further illustrates that Atlas was aware of the company that markets and sells OnePlus devices in the United States and strategically sued only OnePlus Technology in an effort to manufacture venue in this Judicial District.

communication (ATLAS-ONEPLUS-00000002) was purportedly emailed to OnePlus Technology's CEO (Pete Lau), but that email is addressed to "Mr. Zhao," **not** Mr. Lau. *See id.*, Ex. 2. Moreover, neither communication **makes any mention of the Asserted Patents**. Instead, both communications refer to "365+ worldwide patents and applications." *Id.*, Exs. 2, 3. Atlas infers that OnePlus must have sifted through "365+" patents and applications and determined for itself which patents Atlas would alleged to be essential to the Wi-Fi 6 standard. But courts have repeatedly held that such "scattershot" communications are insufficient, as a matter of law, to provide knowledge of an asserted patent. *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 901 (W.D. Wis. 2013) (identifying 360 patents allegedly essential to the DVD standard "unfairly shifts the burden to defendants to attempt to identify accurately any potentially infringing conduct so as *not* to be faced with an award of pre-suit damages in the event it was sued for infringement"); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("[T]he FAC never ties this general knowledge of Finjan's patent portfolio to the Asserted Patents, nor makes any factual allegations that Cisco specifically learned of the Asserted Patents. Knowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent.").

Atlas also alleges that OnePlus Technology had pre-suit knowledge of the Asserted Patents because OnePlus Technology ("on information and belief") was monitoring lawsuits against its competitors. Dkt. 33, ¶38. Again, Atlas fails to set forth any factual basis that would make this "information and belief" allegation plausible. And, again, courts routinely reject the "fanciful" inference that a lawsuit against one company is sufficient to provide notice of specific asserted patents to all of the company's competitors. *See, e.g.*, *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[T]his court declined to accept a

plaintiff's argument that an alleged infringer's actual knowledge of a competitor's suit concerning the same patent would be sufficient to withstand dismissal at the pleading stage, describing the theory as 'fanciful.'").

Under these circumstances, the claims for pre-suit indirect infringement must be dismissed because Atlas does not (and cannot) allege that OnePlus Technology had notice of the Asserted Patents prior to the filing of the original Complaint.

### C.      Atlas Fails to Plausibly Allege a Claim for Pre-suit Willful Infringement

Atlas also seeks enhanced damages for willful infringement. Dkt. 33, ¶¶138-142, Prayer for Relief. To state a claim for willful infringement, Atlas must allege facts giving rise to a reasonable inference that OnePlus Technology had knowledge of the Asserted Patents and engaged in the type of wanton conduct required for claims of willful infringement. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021) (stating that willful infringement requires knowledge of the asserted patents and showing of infringing conduct at the time was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate.").

Here, as set forth above in Parts IV.B, Atlas fails to provide sufficient factual allegations that OnePlus Technology had knowledge of the Asserted Patents prior to the filing of the original Complaint. The Amended Complaint is also devoid of any allegation that would reasonably suggest that OnePlus Technology engaged in conduct that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Bayer*, 989 F.3d at 987-88. Rather, the Amended Complaint merely parrots boilerplate assertions that OnePlus Technology acted with "objective recklessness, and/or willful blindness." Dkt. 33, ¶¶141-142. Thus, the claim for willful infringement should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, OnePlus Technology respectfully requests that the Court dismiss: (i) Atlas's claims for direct infringement; (ii) Atlas's claims for pre-suit indirect infringement; and (iii) Atlas's claims for willful infringement.


Dated:  August 11, 2022                              Respectfully submitted,


By: */s/ Robert M. Masters*
JENNIFER KLEIN AYERS
Texas Bar No. 24069322
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401
jayers@sheppardmullin.com

ROBERT M. MASTERS (admitted *pro hac*)
JONATHAN R. DEFOSSE (admitted *pro hac*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901
rmasters@sheppardmullin.com
jdefosse@sheppardmullin.com

*Attorneys for OnePlus Technology (Shenzhen)*
*Co., Ltd.*

## CERTIFICATION OF COMPLIANCE

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases, Defendant OnePlus Technology (Shenzhen) Co., Ltd., hereby certifies that the parties conducted a meet and confer on August 8, 2022 to discuss dismissing the allegations of indirect and willful infringement without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11 within three months after fact discovery opens. Following the meet and confer, Plaintiff advised Defendant that Plaintiff does not agree to withdraw the allegations of indirect or willful infringement.

By: */s/ Robert M. Masters*

JENNIFER KLEIN AYERS
Texas Bar No. 24069322
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401
jayers@sheppardmullin.com

ROBERT M. MASTERS (admitted *pro hac*)
JONATHAN R. DEFOSSE (admitted *pro hac*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901
rmasters@sheppardmullin.com
jdefosse@sheppardmullin.com

*Attorneys for OnePlus Technology (Shenzhen) Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2022, I electronically filed the foregoing with the

Clerk of the District Court using the CM/ECF system under Local Rule CV-5, which provides

notification to all counsel of record who are deemed to have consented to electronic service.


By: */s/ Robert M. Masters*
        Robert M. Masters