IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES, LLC, <br> *Plaintiff* <br><br> -vs- <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 6-21-CV-01217-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") Motion to Dismiss Plaintiff Atlas Global Technologies, LLC's ("Atlas") direct infringement, pre-suit indirect infringement, and willfulness claims pursuant to Federal Rule of Civ Procedure 12(b)(6). ECF No. 34 (the "Motion"). After careful consideration of the briefs and applicable law, the Court is of the opinion that OnePlus's Motion should be **DENIED-IN-PART** and **GRANTED-IN-PART**.

### I. BACKGROUND

On November 22, 2021, Atlas sued OnePlus by alleging infringement of seven patents: U.S. Patent Nos. 9,763,259 ("the '259 Patent"); 9,825,738 ("the '738 Patent"); 9,848,442 ("the '442 Patent"); 9,912,513 ("the '513 Patent"); 9,917,679 ("the '679 Patent"); 10,020,919 ("the '919 Patent"); 10,153,886 ("the '886 Patent"); and 10,756,851 ("the '851 Patent") (collectively, the "Asserted Patents"). *See* ECF No. 1 ¶ 1; ECF No. 33 ¶ 1 ("FAC"). The Asserted Patents were assigned to Atlas by Newracom, Inc., in February 2021. FAC ¶ 6. The Asserted Patents are alleged to cover essential aspects of the latest generation of Wi-Fi, known as "802.11ax" or more simply as "Wi-Fi 6." *See, e.g.*, FAC ¶¶ 9, 40, 51, 60, 75, 88, 98, 108, 117, 131.

1

OnePlus is a limited company organized under the laws of the People's Republic of China ("PRC" or "China") with its principal place of business in Guangdong, China. *Id.* ¶ 7. OnePlus is engaged in research and development related to OnePlus-branded smartphones. *Id.* ¶ 9. OnePlus makes, uses, and sells cell phones that it markets as including Wi-Fi 6 functionality. *Id.* ¶¶ 9, 40–43. Atlas alleges that OnePlus-branded devices that comply with the Wi-Fi 6 standard thus infringe the Asserted Patents. *Id.* ¶ 42.

On June 29, 2021, Atlas sent OnePlus (via its CEO, Pete Lau, and via the CEO of its U.S. affiliate, Wei Zhao) letters titled "Licensing Opportunity with Atlas Global Technologies' Wi-Fi 6 SEP Portfolio." FAC ¶ 140; ECF No. 34-3 (Yudell-Lau Letter); ECF No. 34-4 (Yudell-Zhao Letter). Those letters notified OnePlus that Atlas had "acquired Newracom's substantial Wi-Fi 6 (802.11ax) SEP [Standard Essential Patent] portfolio." *Id.* Further, Atlas informed OnePlus that the Asserted Patents "cover[] key improvements in Wi-Fi technology developed by Newracom's R&D team and adopted in the 802.11ax standard." *Id.* In those June 29, 2021 letters, Atlas specifically invited OnePlus to license the Asserted Patents and requested "a convenient time for us to discuss this opportunity." *Id.* Yet despite the above overtures, OnePlus refused to take a license for the Asserted Patents or even engage in a licensing discussion. FAC ¶ 140. Once it became clear that OnePlus would not voluntarily take a license to the Asserted Patents or even engage in licensing discussions, Atlas filed its initial complaint on November 22, 2021. *Id.*; ECF No. 1.

Notwithstanding the FAC, OnePlus filed its Motion to dismiss it on July 28, 2022. ECF No. 34. OnePlus's current Motion seeks to dismiss Atlas's claims for direct infringement, pre-suit indirect infringement, and willfulness.[1] *Id.* The Motion is now ripe for judgment.

---

[1] Atlas argues that it is unclear whether OnePlus challenges Atlas's post-suit willfulness pleadings. ECF No. 37 at n.1. OnePlus's Motion argues "Atlas Fails to Plausibly Allege a Claim for Pre-suit Willful Infringement," Motion at 18 (emphasis added), while OnePlus's requested relief is to dismiss "Atlas's claims for willful infringement," *id.* at 19. Although OnePlus barely presents argument for its post-suit willful infringement claims, the Court finds that its argument that the

## II.      LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused

---

"Amended Complaint is also devoid of any allegation that would reasonably suggest that OnePlus Technology engaged in conduct that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate" is sufficient to put Atlas on notice that it moves to dismiss its post-suit willfulness claims. *Id*. at 18. But the Court finds that this minimal argument is unpersuasive for a movant on a motion to dismiss—especially one who bears the burden of proof.

3

infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

### III.   ANALYSIS

#### A. Direct Infringement

OnePlus's Motion to dismiss Atlas's direct infringement claims primarily relies on the fact that Atlas sued only OnePlus—a Chinese company—and not OnePlus's U.S. affiliate that is based

in Texas. *See* ECF No. 34 at 1. OnePlus moves to dismiss Atlas's direct infringement claims of (1) the asserted method claims of the '259, '738, '679, and '919 Patents and (2) the asserted apparatus claims of the '442, '513, '886, and '851 Patents. *Id.* at 6–12. OnePlus also argues that Atlas fails to plausibly allege claims for joint infringement or alto-ego liability. *Id.* at 12–15.

**First**, OnePlus argues that because Atlas alleges that OnePlus infringes only method claims of four patents—the '259, '738, '679, and '919 Patents, Atlas must plausibly allege that OnePlus Technology performs every step of the claimed method in the United States. *Id.* at 6 (citing *Meyer Intell. Properties Ltd. v Bodum, Inc.*, 690 F.3d 1354, 1371 (Fed. Cir. 2012) ("[D]irect infringement of a method claim requires that each of the claimed steps are performed within the United States[.]")). OnePlus asserts that the "Amended Complaint is devoid of any factual allegation that OnePlus Technology—a Chinese company that is 'not a resident of the United States' ([ECF No.] 33, ¶¶7, 27)—has ever performed the steps of any of the asserted method claims in the United States." *Id.* at 7. According to OnePlus, Atlas relies on information and belief statements, but those statements are deficient because fail to set forth a factual basis for them. *Id.* at 7–9 (quoting several portions of the FAC).

**Second**, OnePlus contends that with respect to the apparatus claims of the '442, '513, '886, and '851 Patents, Atlas failed to allege facts giving rise to a reasonable inference that OnePlus Technology "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." *Id.* at 10 (citing 35 U.S.C. § 271(a)). OnePlus first contends again that the FAC is devoid of any plausible factual allegations that OnePlus Technology uses the accused devices in the United States. *Id.* OnePlus then asserts that Atlas does not allege any facts giving rise to a reasonable inference that OnePlus Technology is engaged in such manufacturing activities in the United States to support its claims in its FAC. *Id.* at 11. OnePlus next argues that Atlas makes conclusory allegations that OnePlus imports the accused

5

devices into the United States but supports these allegations by alleging that third parties—not OnePlus—are importing the accused devices into the United States. *See id.* According to OnePlus, Atlas alleged a "company 'related' to OnePlus Technology imports products into Texas," that "suppliers and distributors import" the accused devices, and that "intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers" import the accused products. *See id.*

As for Atlas's allegations that OnePlus sells or offers to sell the accused products in the United States, OnePlus contends that Atlas has failed to make any plausible factual allegation because the FAC identifies only third parties—not OnePlus. *See id.* at 11–12. According to OnePlus, the FAC identifies the alleged "distribution partners" as third-party retailers, such as Amazon, BestBuy, Walmart, and T-Mobile. *Id.* For the internet sales, the FAC refers to the "store" available through the oneplus.com website. *Id.* But OnePlus argues that Atlas does not make any factual allegations that would give rise to an inference that OnePlus Technology is making sales through the website store. In fact, OnePlus points out that the Terms of Sales posted on the website state that the sales in the United States are made by a U.S. company (OnePlus USA Corp.), not OnePlus Technology. *Id.* Atlas alleges that the U.S. website is one part of a global website that is administered by OnePlus Technology. ECF No. 33 ¶ 10. For example, OnePlus Technology provides a privacy policy and a "cookie policy." ECF No. 34 at 12. But OnePlus argues that administering a global website does not provide a plausible basis to infer that OnePlus Technology makes sales through the website in the United States, especially where sales through the website are expressly made by OnePlus USA Corp.—the company that markets and sells OnePlus products in the United States. *Id.*

*Third*, OnePlus argues that Atlas fails to plausibly allege that these above third parties operate under the "direction and control" of OnePlus in order to support a joint infringement or alter

ego theory of direct infringement. *Id.* at 13. As an initial matter, OnePlus asserts that Atlas's allegations of "direction and control" with respect to the asserted apparatus claims of the '442, '513, '886, and '851 Patents fail because the doctrine of joint infringement does not apply to apparatus claims. *Id.* at 14. As to the remaining claims, OnePlus argues that Atlas's claims fail because Atlas does not allege any underlying facts that allow a reasonable inference that OnePlus Technology exercises "direction and control" over any of the companies operating in the United States. *Id.* And as to alter ego liability, OnePlus contends that Atlas's allegations are merely conclusory because (1) Atlas fails to identify the companies allegedly operating as alter egos of OnePlus Technology and (2) Atlas fails to plead any facts that would allow the allegedly infringing activities of those unnamed companies to be attributed to OnePlus Technology under a veil-piercing theory. *Id.* at 15.

Atlas responds that paragraphs 44 to 46 of its FAC detail three exemplary occasions in which "OnePlus uses the Accused Products in an infringing manner in the United States." ECF No. 37 at 6–7. Specifically, Atlas points to its allegations in its FAC that allege OnePlus employees use the accused products at the following: (1) at OnePlus's U.S. Offices When Conducting Business, (2) at U.S. Trade Shows and Product Demonstrations, and (3) while Trouble-Shooting U.S. Customers' Technical Problems. *See id.* According to Atlas, with respect to the method claims, Atlas alleges "OnePlus directly infringes the method claims of [the patent-at-issue] under 35 U.S.C. § 271(a) by using the Accused Products in the United States as described in paragraphs 44-46" (i.e., when at OnePlus's U.S. offices, at U.S. trade shows and product demonstrations, and when trouble-shooting U.S. customers' technical problems). *Id.* (citing FAC ¶¶ 51, 62, 74, 98, 108). Critically, Atlas argues that OnePlus improperly dismisses that pleaded fact as mere "speculation" because Atlas's complaint provides no evidence explicitly corroborating that fact. *Id.* at 9.

In reply, OnePlus asserts that Atlas does not dispute several of OnePlus's arguments made in its motion to dismiss. ECF No. 38 at 2. Specifically, OnePlus argues that Atlas did not respond to

OnePlus's argument that Atlas fails to plausibly allege that OnePlus makes, sells, offers to sell, or imports the accused devices in the United States. *Id.* OnePlus also argues that this applies to Atlas's joint infringement and alter ego theories. *Id.* at 3. As to OnePlus's remaining arguments, OnePlus contends that Atlas's reliance on the "information and belief" paragraphs of its FAC are not alone sufficient to state a claim. *Id.* OnePlus further argues that Atlas "confounds" plausibility with possibility. *Id.* at 4. OnePlus argues that multiple layers of speculation are required to arrive at Atlas's proposed conclusions. *See id.* at 5–6. OnePlus also replies that Atlas's alleged boilerplate allegations are insufficient. *See id.* at 6.

Yet most of OnePlus's arguments fall flat when considering the actual FAC. OnePlus complains that the amended complaint "is devoid of any factual allegation that OnePlus [] has ever performed the steps of any of the asserted method claims in the United States." Motion at 7. But Atlas's FAC includes a section titled "OnePlus's Use of the Patented Technology." FAC at 14–17. That "Use" section includes several paragraphs—paragraphs 44 to 46—detailing three exemplary occasions in which "OnePlus uses the Accused Products in an infringing manner in the United States." *Id.*

Atlas's FAC alleges, on a patent-by-patent basis, specific actions that OnePlus employees perform during those three exemplary occasions in the United States. *Id.* ¶¶ 51, 62, 74, 88, 98, 108, 120, 131. With respect to the method claims, the patent sections begin by alleging "OnePlus directly infringes the method claims of [the patent-at-issue] under 35 U.S.C. § 271(a) by using the Accused Products in the United States as described in paragraphs 44-46" (i.e., when at OnePlus's U.S. offices, at U.S. trade shows and product demonstrations, and when trouble-shooting U.S. customers' technical problems). *Id.* ¶¶ 51, 62, 74, 98, 108. Similar "use" allegations exist for the apparatus claims. *See id.* ¶¶ 74, 88, 120, 131. Atlas then includes several paragraphs per patent detailing specifically how OnePlus uses its accused Wi-Fi 6 devices in the United States to infringe

8

the claims of that patent during those three exemplary situations. *Id.* ¶¶ 49–53, 60–64, 72–79, 86–90, 97–100, 107–10, 118–22, 129–33. Atlas's allegations have pinpoint citations to the Wi-Fi 6 standard with figures explaining the infringing U.S. activities. *Id.* Atlas even incorporated its infringement contention claim charts, which show OnePlus's uses on an element-by-element basis. *Id.* ¶¶ 53, 64, 79, 90, 100, 110, 122, 133.

These allegations are sufficient to survive at the motion to dismiss stage. Atlas only needs to plead "factual content that allows the court to *draw the reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Here, based on the allegations in Atlas's Complaint, a reasonable inference can be drawn that OnePlus infringes the method and apparatus claims of the Asserted Patents in the United States. Contrary to OnePlus's arguments regarding Atlas's use of "information and belief" allegations in its FAC, the Court has previously found that similar allegations brought by Atlas against another foreign corporation were sufficiently plead at the motion to dismiss stage. *Atlas Glob. Techs., LLC v. Sercomm Corp.*, No. 6-21-CV-00818-ADA, 2022 WL 16557650, at *4 (W.D. Tex. Oct. 31, 2022). As the Court found in *Sercomm*, Atlas's allegations here are beyond mere speculation and conclusory statements. *See id.* Therefore, the Court finds that Atlas has sufficiently pled direct infringement of use of the Asserted Patents in its Complaint.

But the Court agrees with OnePlus that Atlas has not sufficiently plead that OnePlus makes, sells, offers to sell, or imports the accused devices in the United States. *See* ECF No. 38 at 2. The Court also agrees with OnePlus as to Atlas's joint infringement and alter ego theories. *Id.* at 3. The Court therefore finds that these other claims should be dismissed without prejudice. The Court will allow Atlas to amend its Complaint in accordance with the instructions below.

### B. Indirect Infringement and Willful Infringement

Both induced infringement and willful infringement require that the alleged infringer have knowledge (or willful blindness) of the asserted patents. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011). Indirect infringement further requires that the plaintiff must plead that the accused infringer had "knowledge that the induced acts constitute patent infringement." *Id.* at 766. Finally, the "complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime*, 869 F.3d at 1379 (quoting *In re Bill of Lading*, 681 F.3d at 1339). Here, Atlas alleges in its FAC that OnePlus committed both induced and willful infringement of the Asserted Patents. Atlas further alleges that this induced and willful infringement occurred pre-suit and post-suit. The Court finds that Atlas has not sufficiently plead pre-suit willful infringement, but that Atlas has sufficiently plead pre-suit induced infringement and post-suit induced and willful infringement.

#### i. Pre-suit Indirect and Willful infringement

##### 1. Actual Knowledge

As for OnePlus's pre-suit actual knowledge of the Asserted Patents, Atlas alleges three facts that supposedly support OnePlus's knowledge of the asserted patents. FAC ¶¶ 36–38. First, Atlas alleges that "OnePlus has known that Newracom possessed patents relating to the 802.11ax Standard since at least March 11, 2015[, when] Newracom submitted a Letter of Assurance for Essential Patent Claims . . . to the IEEE." *Id.* ¶ 36. Second, Atlas alleges that "OnePlus also knew of the Asserted Patents on June 29, 2021, when Atlas notified OnePlus of them." *Id.* ¶ 37. Specifically, Atlas alleged in its FAC that "Atlas sent OnePlus (via its CEO, Pete Lau, and via the CEO of its U.S. affiliate, Wei Zhao) letters notifying OnePlus that it had "acquired Newracom's substantial Wi-Fi 6 SEP [Standard Essential Patent] portfolio." *Id.* Atlas further alleged in those letters that

10

"Atlas specifically invited OnePlus to license the Asserted Patents." *Id.* Third, Atlas further alleged in its FAC that "OnePlus also knew about the Asserted Patents as part of its business competitive intelligence." *Id.* ¶ 38. According to Atlas's information and belief, "OnePlus monitors the activities of competitors like Samsung, ASUSTeK, Sercomm, and TP-Link." *Id.* And as part of those activities, Atlas alleges that "OnePlus learned that Atlas had brought lawsuits involving the Asserted Patents against each of Samsung, ASUSTeK, Sercomm, and TP-Link." *Id.* Atlas therefore argues that "OnePlus also learned of the Asserted Patents around the time the complaints were filed against each of those competitors: (1) Samsung (August 9, 2021); (2) ASUSTeK (August 9, 2021); (3) Sercomm (August 9, 2021); and (4) TP-Link (November 22, 2021)." *Id.*

OnePlus contends that such allegations are insufficient to allege that OnePlus had any pre-suit knowledge of any alleged infringement of the Asserted Patents because "neither communication makes any mention of the Asserted Patents. Instead, both communications refer to "365+ worldwide patents and applications." ECF No. 34 at 17. OnePlus also points out that these communications were sent to OnePlus USA Corp., not OnePlus Technology. *Id.* at 16. OnePlus further contends that Atlas's allegation that "OnePlus Technology learned of the Asserted Patents because the original owner of the Asserted Patents sent a Letter of Assurance to the IEEE in March 2015" is deficient. *Id.* at 15. Specifically, OnePlus argues it is deficient because it does not allege that OnePlus received the letter, Atlas does not allege that the letter refers to any of the Asserted Patents, and the letter was sent more than two years before the first of the Asserted Patents was granted in 2017. *Id.* OnePlus then argues that Atlas's allegation on information and belief that OnePlus monitored the lawsuits against its competitors is likewise deficient. *Id.* at 17. Therefore, OnePlus asserts that the Court should dismiss Atlas's pre-suit indirect infringement claims and (2) the entire or at least pre-suit willful infringement claim. *See id.*

"Multiple district courts, post-*Halo*, have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (internal quotation marks omitted). Because Atlas's Complaint does not plead sufficient facts that show that OnePlus had more than a general knowledge of Atlas's patent portfolio, its FAC cannot plausibly support an allegation of pre-suit knowledge. Accordingly, the Court finds that Atlas has failed to plausibly allege pre-suit knowledge of the Asserted Patents.

   2. *Willful Blindness*

Because the Court finds that OnePlus did not have actual knowledge of the Asserted Patents, the Court next turns to determine whether OnePlus was willfully blind. A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech*, 563 U.S. at 769. Atlas argues that this case "represents a classic case of willful blindness." ECF No. 37 at 13 (citing *Broad. Music, Inc. v. Edcon Enters. LLC*, No. 4:11-CV-1950-JAR, 2012 U.S. Dist. LEXIS 162544, at *9 (E.D. Mo. Nov. 14, 2012).

Atlas argues that OnePlus willfully blinded itself to the existence of the Asserted Patents and its need for a license by "refus[ing] to engage" when "Atlas told OnePlus of its Wi-Fi 6 standard-essential portfolio and invited OnePlus to substantively discuss the patents." *Id.* Atlas, however, points out that in its FAC it alleged both actual knowledge ***and*** willful blindness to support its indirect infringement allegations. *Id.* But OnePlus's motion to dismiss limits its allegations to "knowledge" and does not address "willful blindness" at all. Motion at 15–16. Atlas therefore contends that because OnePlus does not address willful blindness at all, its motion should fail on that basis alone. ECF No. 37 at 12. OnePlus replies by saying "not so." ECF No. 38 at 7. According

to OnePlus, the Court should disregard Atlas's argument that it should find that OnePlus conceded willful blindness because "Atlas's willful blindness arguments are based on exactly the same deficient allegations of notice that OnePlus Technology addressed in the motion to dismiss." *Id.* The Court finds, however, that OnePlus has conceded willful blindness by not addressing it in its Motion. Moreover, by not sufficiently addressing it in its reply brief even after Atlas brings it to OnePlus's attention, OnePlus also concedes that it was willfully blind. The Court's conclusion is supported by Atlas's allegation of willful blindness in its FAC. FAC ¶¶ 141–42. Specifically, Atlas pleaded that

> "OnePlus willfully blinded themselves to their infringement of the Asserted Patents and consciously refused to respond to Atlas's licensing overtures; once Atlas told OnePlus that it needed to take a license to the Asserted Patents for its Wi-Fi 6 Products, OnePlus believed with high probability that its Wi-Fi 6 products infringed but took deliberate action to avoid learning further details of its infringement."

*Id.*

### 3. Indirect Infringement

But willful blindness is not the only element that Atlas needed to sufficiently plead for its indirect infringement claim to survive the pleading stage. Atlas also needed to plead knowledge that the induced acts constitute patent infringement. *Glob.-Tech*, 563 U.S. at 766. Finally, the "complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime*, 869 F.3d at 1379.

Like it did for willful blindness, OnePlus does not address either of these prongs of indirect infringement in its Motion. *See generally* ECF No. 34 at 15–18. By contrast, Atlas argues in response that same evidence that proved willful blindness above shows "OnePlus knew its customers and end-users infringed." ECF No. 37 at 13. According to Atlas, because the patents are "standard essential," OnePlus knew that its customers would automatically infringe anytime they

13

use a OnePlus Wi-Fi 6 device. *Id.* That is why Atlas specifically pleaded: "Once the Accused Products are installed, they will automatically implement the 802.11ax Standard in an infringing manner based upon the hardware and software provided in the Accused Products." FAC ¶¶ 56, 68, 82, 93, 103, 113, 125, 136.

Atlas further pleaded that OnePlus intended for its customers and end-users to infringe by, for example: (1) "advertis[ing] to its customers that [the accused products] implement the 802.11ax [Wi-Fi 6] Standard" and "creating advertisements that promote the infringing use of the Accused Products"; (2) "distributing or making available instructions or manuals" that "instruct[] its customers on how to connect the Accused Products to Wi-Fi networks so they may practice the 802.11ax Standard" and automatically infringe; and (3) "providing technical support" to customers and end users that encourages them to use the Accused Products in an infringing manner. FAC ¶¶ 54, 56, 66, 67, 81, 82, 92, 93, 102, 103, 112, 113, 124, 125, 135, 136. These are factual allegations that have been repeatedly found to show a specific intent for others to infringe. *Modern Font Applications, LLC v. Red Lobster Hosp. LLC*, C.A. No. 6:21-cv-00470-ADA, Dkt. No. 36 (W.D. Tex. Jan. 28, 2022) at 5 ("Several courts have held that advertising an accused product coupled with descriptions or instructions of how to use the products in an infringing manner is sufficient to show specific intent."); *In re Bill of Lading*, 681 F.3d at 1339 ("advertising that your product can be used in [an infringing manner] gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method"); *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018).

OnePlus does not respond to these arguments of knowledge of infringement and intent. Accordingly, the Court must find that Atlas has adequately alleged pre-suit indirect infringement. But because Atlas's Complaint does not plead sufficient facts that would support an allegation of pre-suit actual knowledge, the Court **GRANTS** OnePlus's motion to dismiss Atlas's pre-suit willful

infringement claims. But because it may have been impossible for Atlas to allege any pre-suit knowledge without the benefit of fact discovery, in accordance with the Court's usual practice, the Court permits Atlas to amend its Complaint after the start of fact discovery to include pre-suit willful infringement claims if it is able to elicit sufficient facts to support such allegations. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020); *Castlemorton Wireless, LLC, v. Comcast Corp. et al.*, No. 6:20-cv-00034-ADA, Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only).

### ii. Post-suit Willful infringement

While OnePlus's Motion appears to ask the Court to dismiss all of Atlas's willful infringement claims (including Atlas's claims arising after Atlas served its original complaint), OnePlus's Motion fails to even address Atlas's pleadings of post-suit willful blindness. Thus, OnePlus has failed to meet its burden as to why these claims should be dismissed under Rule 12(b)(6). Even if OnePlus's Motion had addressed it, the Court would still disagree. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021). Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will sufficiently plead a post-filing/post-suit willful infringement claim. Atlas's FAC complies with that standard. FAC ¶¶ 138, 142. Because Atlas alleges that OnePlus has knowledge of the Asserted Patents and of the alleged infringement at least at the commencement of this action, the Court finds that Atlas has sufficiently alleged its post-suit willful infringement claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** OnePlus's Motion to dismiss Atlas's direct infringement claim, pre-suit indirect, and post-suit willful infringement claims and **GRANTS**

OnePlus's Motion to dismiss Atlas's pre-suit willful infringement claims. The Court also **GRANTS** OnePlus's motion to the extent that Atlas has not sufficiently plead that OnePlus makes, sells, offers to sell, or imports the accused devices in the United States. The Court also **GRANTS** OnePlus's motion to dismiss Atlas's joint infringement and alter ego theories. But Atlas is allowed to amend its Complaint and re-plead its pre-suit willful infringement, alternate direct infringement, joint infringement, and alter ego claims if it is able to elicit sufficient facts during fact discovery to support such allegations.

SIGNED this 10th day of March, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE